UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 03-80237
                                                    HON. GEORGE CARAM STEEH

vs.


BRUCE ALLAN MITCHELL,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(B)(3)


Before the court is defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(b)(3). Defendant pleaded guilty to possession with intent to distribute marijuana and five (5) grams or more of cocaine base (count I); felon in possession of a firearm (count II); and possession of a firearm in furtherance of a drug trafficking crime (count III).

Defendant's presentence report gave a guideline range of one hundred and eighty (180) months, including one hundred and twenty (120) months (mandatory minimum) on count I, and sixty (60) months (mandatory minimum) consecutive term on count III. However, at the sentencing hearing the government requested that the court depart from the applicable guideline range and applicable minimum sentence for count I pursuant to § 5K1.1 and 18 U.S.C. § 3553(e). The court agreed and sentenced defendant to a seventy

-1-

(70) month concurrent term on counts I and II and a sixty (60) month consecutive term on count III.  On July 31, 2008, the parties entered a stipulation that defendant was eligible for a reduction in sentence based on recent amendments to the sentencing guidelines which reduced the offense level for cocaine base.  On July 31, 2008, this court resentenced defendant in accordance with their stipulation on counts I and II to a sixty (60) month concurrent term and to a sixty (60) month consecutive term on count III.

Having pled guilty, defendant did not pursue a direct review appeal.  Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582 based on the Sixth Circuit Court of Appeals' recent decision in *United States v. Almany*, 598 F. 3d 238 (2010).  In *Almany*, the court joined the minority view by holding that the "except" clause of 18 U.S.C. § 924(c)(1)(A) exempts a defendant from the mandatory minimums required by § 924(c) (firearm statute) where a greater minimum sentence is provided for the drug offense or crime of violence that serves as the predicate for the § 924(c) violation.  *Id.* at 241-42.  The *Almany* court remanded the matter for resentencing because the district court erred in sentencing the defendant to both a five-year mandatory minimum sentence under § 924(c) and a ten-year mandatory minimum under 18 U.S.C. § 841(b) (drug statute).  *Id.* at 242.[1]

In support of his motion for reduction in sentence, defendant cites to 18 U.S.C. §

---

[1]  The Sixth and Second Circuits are of the minority view on this issue.  The majority view is that the "except" clause in § 924(c)(1)(A) applies only to minimum sentences for § 924(c)(1) offenses, not minimum sentences for other counts of conviction.  *See United States v. Easter*, 553 F. 3d 519, 526-27 (7th Cir. 2009); *see also, United States v. Parker*, 549 F. 3d 5 (1st Cir. 2008);  *United States v. Alaniz*, 235 F. 3d 386 (8th Cir. 2000).  The Supreme Court has granted certiorari in two consolidated cases to settle the issue.  *See Abbott v. United States*, 574 F. 3d. 203 (3d Cir. 2009), *cert granted*, 130 S. Ct. 1284, 175 L. Ed. 2d 1073 (U.S. 2010); *Gould v. United States*, 329 F. App'x 569 (5th Cir. 2009), *cert. granted*, 130 S. Ct. 1283, 175 L. Ed. 2d 1073 (U.S. 2010).

3582(b)(3), which is inapplicable to his case. 18 U.S.C. § 3582 (b)(3) states that a sentence may be appealed and modified, if outside the guideline range, pursuant to section 3742. *See* 18 U.S.C. §3582(b)(3). 18 U.S.C. § 3742 concerns the appellate court's review of a defendant's sentence and provides the district court with no authority to review and modify a defendant's sentence. *See* 18 U.S.C. § 3742(e).

In any event, had defendant brought this motion pursuant to 28 U.S.C. § 2255, and it was not barred by the applicable statute of limitations under § 2255(f), he still would not be entitled to the relief he seeks. In *Almany*, the defendant was sentenced to an aggregate of the two statutory minimums, a ten (10) year minimum sentence under the drug statute and a consecutive (5) five year minimum sentence under the firearm statute. *Almany*, 598 F. 3d at 239. Here, defendant was sentenced far below the ten year statutory minimum sentence on count I. He was never subject to "a greater minimum sentence" in relation to count I because of the government's departure motion which was granted by the court. Defendant has not demonstrated that he improperly received any additional time under the holding of *Almany*. *See United States v. Walker*, nos. 08-4680/4682, 2010 U.S. App. LEXIS 16684, *15-16 (6th Cir. Aug. 12, 2010).

Accordingly,

Defendant's motion for reduction of sentence is DENIED.

Dated: October 7, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 7, 2010, by electronic and/or ordinary mail and to Bruce Allen Mitchell at FCI Gilmer, P.O. Box 6000, Glenville, WV 26351.

S/Josephine Chaffee
Deputy Clerk